# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 24-0577V

|  |  |
|---|---|
| RLANDA BELLAMY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: September 8, 2025 |

*Joseph P. Shannon*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On April 15, 2024, Rlanda Bellamy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as the result of an influenza vaccination she received on October 22, 2022. Petition, ECF No. 1. On April 11, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 21.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $42,373.51 (representing $40,508.50 in fees plus $1,865.01 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 14, 2025. ECF No. 25. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 25 at 2.

Respondent reacted to the motion on April 25, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. However, Respondent considers the amount requested by Petitioner to be excessive and urges the court to consider an overall percentage reduction. Motion at 2-4, ECF No. 26. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested by attorney Jonathan Svitak and supporting paralegals through 2025 are reasonable and consistent with prior determinations and will therefore be adopted. However, the hourly rates requested by attorney Joseph Shannon require adjustment.

Attorney Joseph Shannon was previously awarded lesser rates of $500.00 for work performed in 2023, $531.00 for work performed in 2024, and $594.00 for work performed in 2025. See *Wood v. Sec'y of Health & Human Servs.*, No. 24-0130V, 2025 WL 2160720 (Fed. Cl. Spec. Mstr. June 25, 2025); *Saint v. Sec'y of Health & Human Servs.*, No. 24-0768V, 2025 WL 1145257 (Fed. Cl. Spec. Mstr. July 30, 2025). I find no reason to deviate from these reasoned determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Mr. Shannon's rates to be consistent with rates previously awarded to him for years 2023-25. **Application of the foregoing reduces the amount of fees to be awarded herein by $2,293.68**.[3]

Furthermore, some of the tasks performed by attorney Joseph Shannon in this matter are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal.

---

[3] This amount consists of reducing attorney Joseph Shannon's rates for years 2023-25 and is calculated as follows: ($550.00 - $500.00 = $50.00 x 0.05 hrs.) + ($550 - $531 = $19.00 x 0.02 hrs.) + ($590.00 - $531.00 = $59.00 x 38.1 hrs.) + ($627.00 - $594.00 = $33.00 x 1.3 hrs.) = $2,293.68.

[4] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include the following: 5/15/2024 (three entries). ECF No. 25-1 at 5-6.

3

**Application of the foregoing reduces the amount of fees to be awarded by $1,885.00**.[5]

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 25-3 at 1-15. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $38,194.83 (representing $36,329.82 in fees plus $1,865.01 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] This amount is calculated as follows: ($550 - $197.00 = $353.00 x 2.0 hrs.) + ($590.00 - $197.00 = $393.00 x 3.0 hrs.) = $1,885.00.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.